UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

TILE OUTLET ALWAYS IN STOCK, INC.,
a California Corporation,

        Plaintiff,

v.

BIG LEAPS, INC., et al.,

        Defendants.

3:10-CV-0618-LRH-VPC

ORDER

Before the court is plaintiff Tile Outlet Always In Stock, Inc.'s ("Tile Outlet") motion for a preliminary injunction filed on October 1, 2010. Doc. #2.[1] Defendants did not file an opposition.

### I. Facts and Background

Tile Outlet is the owner of federally registered service marks including the name Tile Outlet Always in Stock, which it licenses to franchisees through a franchise license agreement. On April 20, 2005, defendants Big Leaps, Inc. ("Big Leaps") and Cynthia Thomas ("Thomas") signed a franchise licensing agreement with Tile Outlet ("the agreement") to operate a Tile Outlet Always in Stock discount tile store in Sparks, Nevada. The agreement provided that: (1) defendants would operate a Tile Outlet Always in Stock store at the approved retail location; and (2) defendants would report sales figures and pay appropriate royalties to Tile Outlet. *See* Doc. #6, Exhibit 4. In

---

[1] Refers to the court's docket number.

addition to the agreement, Thomas signed a personal guarantee of Big Leap's obligations under the licensing agreement. Doc. #2, Exhibit 3.

Defendants began operating a Tile Outlet Always in Stock franchise and placed advertisements in the yellow pages using Tile Outlet's marks and the store's phone number (775) 358-7733. *See* Doc. #2, Exhibit 4. After several years of operation, defendants stopped paying and reporting royalties to Tile Outlet, removed Tile Outlet's trademarks from the business signage, and renamed the store "Sparks Tile and Stone" in violation of the agreement. Further, calls to the Tile Outlet Always in Stock phone number, which appears in the yellow pages with Tile Outlet's marks, are answered by the new business.

On October 1, 2010, Tile Outlet filed a complaint against defendants for trademark infringement and breach of contract. Doc. #1. Along with its complaint, Tile Outlet filed the present motion for a preliminary injunction (Doc. #2) which was served on defendants on October 8, 2010 (Doc. #10).

**II.     Legal Standard**

The same legal standard applies to temporary restraining orders and preliminary injunctions sought pursuant to Federal Rule of Civil Procedure 65. *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (noting that the analysis applied to temporary restraining orders and preliminary injunctions is "substantially identical"). Rule 65 provides that a court may grant a temporary restraining order upon a showing of: (1) irreparable harm to the petitioning party; (2) the balance of equities weighs in petitioner's favor; (3) an injunction is in the public's interest; and (4) the likelihood of petitioner's success on the merits. *See* FED. R. CIV. P. 65; *Winter v. Natural Res. Def. Council, Inc.*, 129 S. Ct. 365, 376 (2008) (citations omitted).

///

///

///

2

**III.   Discussion**

      **A. Likelihood of Success on the Merits**

"The sine qua non of a preliminary injunction inquiry is likelihood of success on the merits: if the moving party cannot demonstrate that he is likely to succeed in his quest, the remaining factors become matters of idle curiosity." *New Comm Wireless Services, Inc. v. SprintCom, Inc.*, 287 F.3d 1, 9 (1st Cir. 2002). However, a plaintiff may be awarded a temporary restraining order by establishing "that serious questions going to the merits were raised and the balance of hardships tips sharply in the plaintiff's favor" so long as the plaintiff satisfies the additional *Winter* factors including irreparable harm and that a temporary restraining order is in the public's interest. *Alliance for Wild Rockies v. Cottrell*, — F.3d —, No. 09-35756, *10871 (9th Cir. 2010) (quoting *Lands Council v. McNair*, 537 F.3d 981, 987 (9th Cir. 2008)).

In order to succeed on a claim for breach of contract, a plaintiff must establish: (1) the existence of a contract; (2) plaintiff's performance; (3) defendant's breach; and (4) damages resulting from defendant's breach. *FPI Development, Inc. v. Nakashima*, 231 Cal. App. 3d 367, 383 (1991).

Here, the court finds that Tile Outlet has alleged sufficient facts to succeed on its claim for breach of contract. First, it is undisputed that the parties entered into a franchise agreement which provided that "[d]uring the term of this agreement, [the franchisees] shall not, except under a Tile Outlet franchise, engage or participate in any trade or business, directly or indirectly, or be financially interested in or associated with any business similar or substantially similar to a Tile Outlet store . . ." within the contractually protected five mile area surrounding the approved franchise location. Doc. #6, Exhibit 4, §§ 4.2, 5.8. Second, Tile Outlet has sufficiently alleged that defendants' actions in operating a tile store under a different name at the approved franchise location, removing Tile Outlet's marks, and failing to pay royalties on retail sales constitutes a breach of that agreement. Accordingly, the court finds that Tile Outlet is likely to succeed on the

merits of its complaint.

**B. Irreparable Harm**

A plaintiff must show that an irreparable injury is *likely*, not merely *possible*, before a temporary restraining order may be issued. *American Trucking Ass'ns v. City of Los Angeles*, F.3d 1046, 1052 (9th Cir. 2009) (reversed on other grounds *Am. Trucking Ass'ns v City of Los Angeles*, 596 F.3d 602 (9th Cir. 2010)) (emphasis added). "Issuing an [injunction] based only on a possibility of irreparable harm is . . . an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 129 S. Ct. at 375-76. Generally, "[t]he loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury" for the purposes of an injunction. *Elrod v. Burns*, 427 U.S. 347, 373 (1976).

Here, Tile Outlet establishes that it would be irreparably harmed by allowing defendants to continue to breach the franchise agreement and operate a tile business without paying due royalties. Further, Tile Outlet establishes that its goodwill is harmed by defendants answering the Tile Outlet Always in Stock telephone number with the name of the new business while still utilizing Tile Outlet's federally registered marks in the advertisement. *See Apple Computer, Inc. v. Formula Int'l Inc.*, 725 F.2d 521, 526 (9th Cir. 1984) (irreparable injury exists when continuing mark infringement will result in a loss in plaintiff's reputation and goodwill).

**C. Balance of Equities**

In seeking a preliminary injunction, a plaintiff must demonstrate that his claim presents a serious question of law and that the current litigation has merit so as to avoid undue harm to the defendant. *See Topanga Press, Inc. v. City of Los Angeles*, 989 F.2d 1524, 1528 (9th Cir. 1993). Additionally, the plaintiff must suffer a degree of hardship that outweighs the hardship placed upon the defendants by the injunction. *Id*.

Here, Tile Outlet has brought a cause of action for breach of contract which the court has

4

found is likely to succeed on the merits. Further the balance of equities in an injunction inquiry favors the trademark owner where the defendants are allegedly infringing the plaintiff's registered trademarks. *See Krause Interm, Inc. v. Reed Elsevier, Inc.*, 866 F. Supp. 585, 586 (D. D.C. 1994). Therefore, the court finds that the balance of equities favors Tile Outlet in this action.

**D. Public's Interest**

Before granting an injunction the court must determine that an injunction is in the public's interest. *Winter*, 129 S. Ct. at 375-76. Here, an injunction protects Tile Outlet's interest in maintaining control over its trademarks and protects the public interest in avoiding consumer confusion from competing uses of a federally registered trademark. Therefore, the public's interest favors an injunction in this instance.

IT IS THEREFORE ORDERED that plaintiff's motion for a preliminary injunction (Doc. #2) is GRANTED.

IT IS FURTHER ORDERED that defendants Big Leaps, Inc. and Cynthia A. Thomas are preliminarily ENJOINED and RESTRAINED from operating as "Sparks Tile and Stone," and from operating, engaging or participating in any trade or business, directly or indirectly, or being financially interested in, or associated with, any business similar or substantially similar to a Tile Outlet store within five miles of the approved franchise location, 1400 Greg Street, Suite 303, Sparks, Nevada 89431, pending the resolution of this action.

///
///
///
///
///
///

5

IT IS FURTHER ORDERED that defendants Big Leaps, Inc. and Cynthia A. Thomas shall execute any and all necessary documentation to transfer the telephone number (775) 358-7733 to plaintiff within ten (10) days of entry of this order.

IT IS SO ORDERED.

DATED this 16th day of December, 2010.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE